# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PASTOR BENJAMIN A. JOHNSON,
et al., on behalf of themselves and all
others similarly situated,

        Plaintiffs,

v.	**ORDER**
    Civil File No. 11-23 (MJD/LIB)

THE EVANGELICAL LUTHERAN
CHURCH IN AMERICA, and
BOARD OF PENSIONS OF THE
EVANGELICAL LUTHERAN CHURCH
IN AMERICA,

        Defendants.

Vincent J. Esades, Katherine T. Kelly, and Scott W. Carlson, Heins Mills & Olson, PLC; Brian M. Sund and Jackson D. Bigham, Morrison Fenske & Sund, PA; Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield; John S. Chapman, John S. Chapman & Associates, LLC; and Paul J. Scarlato, Daniel R. Karon, Brian D. Penny, and Laura K. Mummert, Goldman Scarlato & Karon, PC, Counsel for Plaintiffs.

Charles C. Jackson, Nicole A. Diller, Morgan Lewis & Bockius LLP, and Ruth S. Marcott, Alyssa M. Toft, Jessica J. Nelson, and Brian T. Benkstein, Felhaber Larson Fenlon & Vogt, PA, Counsel for Defendant the Evangelical Lutheran Church in America.

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated March 9, 2012.   Plaintiffs filed objections to the Report and Recommendation.

Pursuant to statute, the Court has conducted a de novo review upon the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based upon that review, the Court adopts the Report and Recommendation of United States Magistrate Judge Brisbois dated March 9, 2012.

The Court notes that, in the response of The Evangelical Lutheran Church in America ("ELCA") to Plaintiffs' objections, ELCA asserts that, in their objections, Plaintiffs may be attempting to raise a new argument that ELCA is liable for breach of contract because it was a guarantor of the amount of retirement benefits provided to Plaintiffs.  (See Objections at 2 ("The ELCA does not contest that it is a party to the contract in dispute.  Indeed, it is the ELCA's obligation to provide retirement benefits pursuant to the contract.  The ELCA created the Board to handle the day-to-day administration of those benefits – not to provide them.  If the R&R is fully accepted, the ELCA will escape its obligation to provide the retirement benefits it promised.").)  The objections cite to Paragraph 13 of the Third Amended Complaint ("TAC"), which provides that

the Plan is a defined-contribution retirement plan, and to Paragraph 12, which explains that ELCA established the Board to provide and administer benefits to eligible employees.  First, the Court does not interpret Plaintiffs' statements as a new legal theory that ELCA is liable for breach of contract because it was a guarantor of the amount of benefits provided by the Board.  Plaintiffs' citations to the TAC do not support any such argument; rather, they support the fact that the Plan is a defined contribution pension plan, and there is no allegation that ELCA failed to make its required contributions to the Plan.

Second, if Plaintiffs are attempting to assert a new legal theory in their objections, the Court finds that the theory is waived. "[E]ven when a magistrate judge is hearing a matter pursuant to his or her limited authority to make a 'recommended disposition,' 'a claimant must present all his claims squarely to the magistrate judge, that is, the first adversarial forum, to preserve them for review.'"  Madol v. Dan Nelson Auto. Group, 372 F.3d 997, 1000 (8th Cir .2004) (quoting Roberts v. Apfel, 222 F.3d 466, 470 (8th Cir. 2000)).  The "purpose of referring cases to a magistrate for recommended disposition would be contravened if parties were allowed to present only selected issues to the

magistrate, reserving their full panoply of contentions for the trial court."

Roberts, 222 F.3d at 470 (citation omitted).

Third, even if the Court were to interpret the objections as raising a new legal theory that ELCA was a guarantor and the Court were to address that argument, the Court would conclude that Plaintiffs set forth no basis for that theory. Finally, Magistrate Judge Brisbois thoroughly and accurately explained why the TAC fails to allege that ELCA is responsible for or had authority for the actions underlying the breaches alleged in the TAC.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

1. The Court **ADOPTS** the Report and Recommendation of United States Magistrate Judge Leo I. Brisbois dated March 9, 2012 [Docket No. 128].

2. ELCA'S Motion to Dismiss Plaintiffs' Third Amended Complaint [Docket No. 76] is **GRANTED**.

3. Plaintiffs' claims in the Third Amended Complaint [Docket No. 69] against Defendant ELCA are **DISMISSED WITH PREJUDICE**.

Dated:  June 22, 2012            s/ Michael J. Davis
                                 Michael J. Davis
                                 Chief Judge
                                 United States District Court