Pastor Benjamin A. Johnson, et al. v.
Evangelical Lutheran Church in America, et al.
File No. 11-cv-00023 (MJD/LIB)

# EXHIBIT 14
## (Declaration of Rochelle Christensen)



**Board of Pensions**
**Evangelical Lutheran Church in America**
God's work. Our hands.

# ELCA Participating Annuity Trust

**Effective January 1, 2010**

BOT 07/30/09 & 10/30/09    CC 11/15/2009

# EVANGELICAL LUTHERAN CHURCH IN AMERICA
## PARTICIPATING ANNUITY TRUST

### Table of Contents

| | | | Page |
|---|---|---|---|
| PREAMBLE | | | 1 |
| | | | |
| ARTICLE I: | GENERAL | | |
| | Sec. 1.01 | Name of Trust | 2 |
| | Sec. 1.02 | Acceptance of Trust Responsibilities | 2 |
| | Sec. 1.03 | Purpose | 2 |
| | Sec. 1.04 | Part of Retirement Plan | 2 |
| | Sec. 1.05 | Church Plan Trust | 2 |
| | Sec. 1.06 | Certifications | 3 |
| | | | |
| ARTICLE II: | PARTICIPATING ANNUITY TRUST | | |
| | Sec. 2.01 | Composition | 4 |
| | Sec. 2.02 | Contributions | 4 |
| | Sec. 2.03 | Benefits May Not Be Assigned or Alienated | 4 |
| | Sec. 2.04 | No Diversion | 4 |
| | | | |
| ARTICLE III: | TRUSTEE | | |
| | Sec. 3.01 | General Responsibility | 5 |
| | Sec. 3.02 | Powers of the Trustee | 5 |
| | Sec. 3.03 | Appointment of Ancillary Trustee | 8 |
| | Sec. 3.04 | Expenses | 9 |
| | Sec. 3.05 | Records and Accountings | 9 |
| | Sec. 3.06 | Record Retention | 9 |
| | | | |
| ARTICLE IV: | INVESTMENTS | | |
| | Sec. 4.01 | General | 10 |
| | Sec. 4.02 | Investment Managers | 11 |
| | | | |
| ARTICLE V: | APPOINTMENT AND CHANGE IN TRUSTEE | | |
| | Sec. 5.01 | Appointment of Trustees | 12 |
| | Sec. 5.02 | Resignation | 12 |
| | Sec. 5.03 | Removal | 12 |
| | Sec. 5.04 | Successor | 12 |
| | Sec. 5.05 | Failure to Appoint Successor Trustee | 12 |
| | Sec. 5.06 | Duties on Succession | 12 |
| | | | |
| ARTICLE VI: | MISCELLANEOUS | | |
| | Sec. 6.01 | Incompetent Payee | 13 |
| | Sec. 6.02 | Evidence | 13 |
| | Sec. 6.03 | Dealings of Others With Trustee | 13 |

| | | |
|---|---|---|
| Sec. 6.04 | Fiduciary Standards | 13 |
| Sec. 6.05 | Administrative Fee Paid to the ELCA Board of Pensions | 14 |
| Sec. 6.06 | Audits | 14 |
| Sec. 6.07 | Successors | 14 |
| Sec. 6.08 | Waiver of Notice | 14 |
| Sec. 6.09 | Headings | 14 |
| Sec. 6.10 | Use of Compounds of Word "Here" | 14 |
| Sec. 6.11 | Construed as a Whole | 14 |
| Sec. 6.12 | Severability | 14 |
| Sec. 6.13 | Counterparts | 14 |
| Sec. 6.14 | Indemnification of Trustee | 14 |
| Sec. 6.15 | Internal Revenue Code of 1986 | 15 |
| Sec. 6.16 | Applicable Law | 15 |
| Sec. 6.17 | Deemed Compliance With Terms of Trust | 15 |
| Sec. 6.18 | Parties to this Trust | 15 |
| Sec. 6.19 | Necessary Parties to Legal Actions | 15 |
| **ARTICLE VII:** | **AMENDMENTS AND TERMINATION** | |
| Sec. 7.01 | Amendments | 16 |
| Sec. 7.02 | Termination | 16 |

# EVANGELICAL LUTHERAN CHURCH IN AMERICA
## PARTICIPATING ANNUITY TRUST

### Preamble

This ELCA Participating Annuity Trust ("Trust") is made and entered into effective January 1, 2010, by and between the BOARD OF PENSIONS OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, a Minnesota nonprofit corporation, (the "ELCA Board of Pensions"), in its capacity as the administrator of a church retirement income account plan under section 403(b)(9) of the Internal Revenue Code of 1986, as amended, and the Treasury Regulations issued pursuant thereto, and the ELCA Board of Pensions, in its capacity as the corporate trustee of this Trust (the "Trustee").

WITNESSETH:

WHEREAS, the Restated Evangelical Lutheran Church in America Retirement Trust holds assets of the ELCA Retirement Plan, including those assets invested in the ELCA Participating Annuity Fund and the ELCA Participating Annuity Bridge Fund; and

WHEREAS, such Retirement Plan assets and the ELCA Participating Annuity Fund and the ELCA Participating Annuity Bridge Fund are separately accounted for by investment fund by the ELCA Board of Pensions and the Trustee of the Restated ELCA Retirement Trust; and

WHEREAS, the ELCA Board of Pensions desires to create a new trust called the ELCA Participating Annuity Trust to hold the assets of the ELCA Participating Annuity Fund, including assets in the ELCA Participating Annuity Bridge Fund, separate and apart from the remainder of the assets of the Restated ELCA Retirement Trust; and

WHEREAS, the ELCA Board of Pensions shall be corporate trustee of this Trust; and

WHEREAS, the ELCA Board of Pensions directs that the Restated ELCA Retirement Trust assets representing the ELCA Participating Annuity Fund and the ELCA Participating Annuity Bridge Fund be transferred, along with associated liabilities, to this ELCA Participating Annuity Trust.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements herein contained, this Trust is as follows:

## ARTICLE I:   GENERAL

Sec. 1.01   <u>Name of Trust</u>. This trust shall be known as the "Evangelical Lutheran Church in America Participating Annuity Trust" (the "Trust"). This Trust contains ELCA Participating Annuity Fund assets and ELCA Participating Annuity Bridge Fund assets.

Sec. 1.02   <u>Acceptance of Trust Responsibilities</u>. The Trustee accepts its appointment as such, and agrees to hold, manage and disburse all the property received by it, pursuant to this Trust and applicable law.

Sec. 1.03   <u>Purpose</u>. This Trust is formed exclusively for religious and charitable purposes and in connection therewith exclusively for the benefit of, and to assist in carrying out the purposes of, the Evangelical Lutheran Church in America (the "ELCA"), an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986, by providing pension benefits to employees of the ELCA and other organizations described in Section 501(c)(3) of the Internal Revenue Code of 1986, that are affiliated with the ELCA (including its member congregations, colleges, schools, nursing homes, hospitals, and social service organizations), ordained ministers on the ELCA roster, ELCA rostered laypersons, other eligible employees, and to other 501(c)(3) organizations operated exclusively for religious purposes.

This Trust shall not afford pecuniary gain, incidentally or otherwise, to the Trustee, and no part of the net income or net earnings of this Trust shall inure to the benefit of the Trustee or any other individual, and no substantial part of its activities shall consist of carrying on propaganda or otherwise attempting to influence legislation; provided, however, that nothing in this Sec. 1.03 shall preclude any individual, including the Trustee, from receiving any benefit to which he or she may be entitled as a member of, or beneficiary in, the Retirement Plan so long as the benefit is computed and paid on a basis which is consistent with the terms of the Retirement Plan, as applied to all other members and beneficiaries. This Trust shall not participate in or intervene in (including the publishing or distributing of statements) any political campaign on behalf of any candidate for public office.

Sec. 1.04   <u>Part of Retirement Plan</u>. This Trust will form a part of the ELCA Retirement Plan (the "Retirement Plan") and will be used to fund participating annuity benefits thereunder. The Retirement Plan provides that the ELCA Board of Pensions has certain duties, authorities, and responsibilities in connection with the Retirement Plan, including the responsibility to direct the Trustee as to disbursement of this Trust assets for purposes of the Retirement Plan. To the extent that this Trust conflicts with any provision in the Retirement Plan, the Retirement Plan document shall control.

The ELCA Board of Pensions agrees that promptly upon the adoption of any amendment to the Retirement Plan it will furnish the Trustee with a copy of the amendment and with an appropriate certificate evidencing its due adoption. The ELCA Board of Pensions further agrees that no amendment of the Retirement Plan shall have the effect of changing the rights, duties, and liabilities of the Trustee without its written consent. The Trustee may rely on the latest Retirement Plan documents furnished as above provided without further inquiry or verification.

Sec. 1.05      <u>Church Plan Trust</u>.  The ELCA Board of Pensions intends by this document to have created a trust forming part of the Retirement Plan which shall be exempt from federal income tax pursuant to Code section 501(a) as provided for in section 1.403(b)-9(a)(7) of the Treasury Regulations issued under Code section 403(b)(9).  This Trust and the Retirement Plan are intended to qualify as a church plan as defined in Section 414(e) of the Internal Revenue Code of 1986 and Section 3(33) of the Employee Retirement Income Security Act of 1974.  In the event of any ambiguity or uncertainty as to any provision of this Trust or the Retirement Plan, they shall be interpreted and administered in such fashion as to meet the requirements applicable to a church plan.

Sec. 1.06      <u>Certifications</u>.  The Secretary of the ELCA Board of Pensions, or such other corporate officer as is designated by the Board of Trustees of the ELCA Board of Pensions, shall certify to the Trustee the name of the person or persons who have authority on behalf of the ELCA Board of Pensions to direct the Trustee as to disbursements from this Trust for purposes of the Retirement Plan and the name of the person or persons who have authority on behalf of the ELCA Board of Pensions to communicate with the Trustee with respect to any other matter or matters relating to this Trust, and shall provide the Trustee with a specimen signature of each of the persons referred to above.  Action by the Church Council or by the ELCA Churchwide Assembly will be certified by the Secretary of the ELCA.  The Trustee may rely on the latest relevant certificate without further inquiry or verification.

## ARTICLE II:   PARTICIPATING ANNUITY TRUST

Sec. 2.01    Composition.  This Trust shall consist of such sums of money, property or other assets as shall from time to time be paid or delivered to the Trustee or which otherwise represent this Trust's interest in Retirement Plan assets invested in the ELCA Participating Annuity Fund and ELCA Participating Annuity Bridge Fund, plus all income and gains, less losses, distributions and expenses credited or chargeable thereto.  This Trust shall be administered in accordance with the provisions of this Trust document and the Retirement Plan.  The assets with respect to this Trust shall be held by a custodian designated by the Trustee.

Sec. 2.02    Contributions.  The Trustee shall have no duty to require any contributions to be made to it, to determine that the contributions received comply with the provisions of the Retirement Plan, or to collect any contributions payable pursuant to the Retirement Plan.  The responsibility of the Trustee shall be limited to the sums of money, securities, and other property actually received.

Sec. 2.03    Benefits May Not Be Assigned or Alienated.  Except as otherwise expressly permitted by the Retirement Plan, or required by law, the interests of members and their beneficiaries under the Retirement Plan or this Trust may not in any manner whatsoever be assigned or alienated, whether voluntarily or involuntarily, directly or indirectly.

Sec. 2.04    No Diversion.  This Trust shall be for the exclusive purpose of providing benefits to members under the Retirement Plan and their beneficiaries, and defraying reasonable expenses of administering or operating the Retirement Plan.  For purposes of this Trust, the expenses of administering or operating the Retirement Plan shall be paid from contributions made to the Retirement Plan  or from assets held in this Trust under the Retirement Plan.  Such expenses shall include, without in any way limiting the generality of the foregoing, any and all expenses relating to the preparation of Retirement Plan amendments (whether required by law or otherwise), and any costs relating to the design, maintenance or termination of the Retirement Plan (including the costs associated with a change in the persons or organizations from time to time providing services to the Retirement Plan).  Such expenses may also include premiums for the bonding of officials of the Retirement Plan as required by any applicable law.  No part of the corpus or income of this Trust may be used for, or diverted to, purposes other than for the exclusive benefit of members or their beneficiaries.

Notwithstanding the foregoing, if any contribution or portion thereof is made by a Participating Employer by a mistake of fact, the Trustee shall, upon written request of the ELCA Board of Pensions, return such contribution to the Participating Employer.

**ARTICLE III: TRUSTEE**

Sec. 3.01    <u>General Responsibility</u>. Except as expressly otherwise provided, the general responsibilities of the Trustee shall be as follows:

(a)    The Trustee shall have exclusive authority and discretion to manage and control the assets of the Retirement Plan held in this Trust subject to the provisions of Article IV.

(b)    The Trustee shall hold, administer, invest and reinvest the principal and income of this Trust in accordance with the powers and subject to the restrictions stated herein.

(c)    The Trustee shall disburse monies and other properties from this Trust on direction of the ELCA Board of Pensions pursuant to the provisions of the Retirement Plan to the payee or payees specified by the ELCA Board of Pensions in directions to the Trustee in such form as the Trustee may reasonably require. The Trustee shall be under no liability for any distribution made by it pursuant to such directions and shall be under no duty to make inquiry as to whether any distribution made by it pursuant to any such direction is made pursuant to the provisions of the Retirement Plan. The payee's receipt of the distributions shall constitute a full acquittance to the Trustee.

(d)    The Trustee shall have the responsibilities, if any, expressly allocated to it by the Retirement Plan and this Trust. Except as responsibilities may be expressly so allocated, the Trustee in its capacity as such shall have no responsibility or authority with respect to the operation and administration of the Retirement Plan, and the rights, powers and duties of the Trustee shall be governed solely by the terms of this Trust provided, however, that to the extent this Trust conflicts with a provision in the Retirement Plan, the provisions of the Retirement Plan shall control.

(e)    The Trustee may commingle for investment purposes the assets of this Trust with any other assets devoted exclusively to church purposes; provided, however, that at all times such commingling occurs, the Trustee shall maintain separate accounts to reflect the interests of this Trust in the commingled assets.

Sec. 3.02    <u>Powers of the Trustee</u>. As provided in Sec. 4.01(b) hereof, it is the intention of the ELCA Board of Pensions in establishing this Trust that the Trustee be, at all times, a directed trustee of this Trust, so that the Trustee shall not be deemed to exercise any discretion with respect to the investment or distribution of Trust assets unless such discretion is delegated by the ELCA Board of Pensions. The Trustee shall have the right, power, and authority to take any action and to enter into and carry out every agreement with respect to this Trust that may be necessary or advisable to discharge its responsibilities hereunder. Without limiting the generality of the foregoing and in addition to all other powers and authorities herein elsewhere specifically granted to the Trustee, the Trustee shall have the following powers

and authorities to be exercised in its absolute discretion, except as otherwise expressly provided herein:

(a)    To hold securities and other properties in bearer form or in the name of a nominee or nominees without disclosing any fiduciary relationship; provided, however, that on the books and records of the Trustee such securities and properties shall constantly be shown to be a part of the appropriate investment funds selected by the ELCA Board of Pensions, and no such registration or holding by the Trustee shall relieve it from liability for the safe custody and proper disposition of such securities and properties in accordance with the terms and provisions hereof.

(b)    To sell, grant options to buy, transfer, assign, convey, exchange, mortgage, pledge, lease or otherwise dispose of any of the properties comprising this Trust at such prices and on such terms and in such manner as it may deem proper, and for terms within or extending beyond the duration of this Trust.

(c)    To manage, administer, operate, lease for any number of years, regardless of any restrictions on leases made by fiduciaries, develop, improve, repair, alter, demolish, mortgage, pledge, grant options with respect to, or otherwise deal with any real property or interest therein at any time held by it; and to cause to be formed a corporation or trust to hold title to any such real property with the aforesaid powers, all upon such terms and conditions as the Trustee may deem advisable.

(d)    To renew or extend or participate in the renewal or extension of any note, bond or other evidence of indebtedness, or any other contract or lease, or to exchange the same, or to agree to a change in the rate of interest or rent thereon or to any other modification or change in the terms thereof, or of the security therefor, or any guaranty thereof, in any manner and to any extent that it may deem advisable in its absolute discretion; to waive any default, whether in the performance of any covenant or condition of any such note, bond or other evidence of indebtedness, or any other contract or lease, or of the security therefor, and to carry the same past due or to enforce any such default as it may in its absolute discretion deem advisable; to exercise and enforce any and all rights to foreclose, to bid in property on foreclosure; to exercise and enforce in any action, suit, or proceeding at law or in equity any rights or remedies with respect to any such note, bond or other evidence of indebtedness, or any other contract or lease, or the security therefor; to pay, compromise, and discharge with the funds of the appropriate investment fund any and all liens, charges, or encumbrances upon the same, in its absolute discretion, and to make, execute, and deliver any and all instruments, contracts, or agreements necessary or proper for the accomplishment of any of the foregoing powers.

(e)    To borrow such sums of money for the benefit of this Trust from any lender upon such terms, for such period of time, at such rates of interest, and upon giving such collateral as it may determine; to secure any loan so made by pledge or mortgage of Trust property; and to renew existing loans.

(f)     To use the assets of this Trust, whether principal or income, for the purpose of improving, maintaining, or protecting property acquired by this Trust, and to pay, compromise, and discharge with the assets of this Trust any and all liens, charges, or encumbrances at any time upon the same.

(g)     To hold uninvested such cash funds as may appear reasonably necessary to meet the anticipated cash requirements of the Retirement Plan from time to time and to deposit the same in its name as Trustee in such depositories as it may select.

(h)     To receive, collect, and give receipts for every item of income or principal of this Trust.

(i)     To institute, prosecute, maintain, or defend any proceeding at law or in equity concerning this Trust or the assets thereof, at the sole cost and expense of this Trust, and to compromise, settle, and adjust any claims and liabilities asserted against or in favor of this Trust or of the Trustee; but the Trustee shall be under no duty or obligation to institute, maintain, or defend any action, suit, or other legal proceeding unless it shall have been indemnified to its satisfaction against any and all loss, cost, expense, and liability it may sustain or anticipate by reason thereof.

(j)     To vote all stocks and to exercise all rights incident to the ownership of stocks, bonds, or other securities or properties held in this Trust, to issue proxies to vote such stocks, and to give general or special proxies or powers of attorney, with or without substitution; provided, however, that the Trustee cannot delegate its right to vote any stocks pursuant to a proxy or a power of attorney without limiting such right to specific instructions; to enter into voting trusts for such period and upon such terms as it may determine; to sell or exercise any and all subscription rights and conversion privileges; to sell or retain any and all stock dividends; to oppose, consent to, or join in any plan of reorganization, readjustment, merger, or consolidation in respect to any corporation whose stocks, bonds, or other securities are a part of this Trust, including becoming a member of any stockholders' or bondholders' committee; to accept and hold any new securities issued pursuant to any plan of reorganization, readjustment, merger, consolidation, or liquidation; to pay any assessments on stocks or securities or to relinquish the same; and to otherwise exercise any and all rights and powers to deal in and with the securities and properties held in this Trust in the same manner and to the same extent as any individual owner and holder thereof might do.

(k)     To make application for any contract issued by an insurance company to be purchased under the Retirement Plan, to accept and hold any such contract, and to assign and deliver any such contract.

(l)     To employ such agents, experts, counsel, and other persons (any of whom may also be employed by or represent a Participating Employer or the ELCA Board of Pensions) deemed by the Trustee to be necessary or proper for the administration

of this Trust; to rely and act on information and advice furnished by such agents, experts, counsel, and other persons; to delegate to agents, experts, counsel or other persons any or all of the discretionary powers granted to the Trustee under the terms of this Trust; and to pay reasonable expenses and compensation for services to this Trust from this Trust. The Trustee shall not be liable for any act or omission of any such agent, expert, counsel or other persons, including an agent, expert, counsel or other person having delegated authority to exercise discretionary powers, provided that the Trustee has exercised due care in the selection of such agent, expert, counsel or other person.

(m)     To pay out of the appropriate investment fund all real and personal property taxes, income taxes, and other taxes of any and all kinds levied or assessed under existing or future laws against such investment fund, without need to seek any approval or direction from the ELCA Board of Pensions.

(n)     To pay any estate, inheritance, income, or other tax, charge, or assessment attributable to any benefit which, in the Trustee's opinion, it shall be or may be required to pay out of such benefit; and to require, before making any payment, such release or other document from any taxing authority and such indemnity from the intended payee as the Trustee shall deem necessary for its protection.

(o)     To retain any funds or property subject to any dispute without liability for the payment of interest, and to decline to make payment or delivery thereof until final adjudication is made by a court of competent jurisdiction.

(p)     To serve not only as Trustee but also in any other fiduciary capacity with respect to the Retirement Plan pursuant to such agreements or practices as the Trustee considers necessary or appropriate under the circumstances.

(q)     To make, execute, acknowledge, and deliver any and all documents of transfer and conveyance and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted to the Trustee.

(r)     To bring action before any court of competent jurisdiction for instructions with respect to any matter pertaining to the interpretation or administration of this Trust.

(s)     To take into account the investment objectives, policies, fiduciary responsibilities, and restrictions of the ELCA Board of Pensions in a manner consistent with the ELCA social statements, and the religious, moral and ethical posture of the ELCA and the ELCA Board of Pensions with respect to the investments of Trust assets.

All of the powers of this Trust shall be exercised only so that its operations shall be exclusively within the contemplation of Section 501(c)(3) of the Internal Revenue Code of 1986.

Sec. 3.03     Appointment of Ancillary Trustee. In the event that any property which is or may become a part of this Trust is situated in a state or states in which the Trustee acting hereunder is prohibited from holding real estate as trustee, or in a foreign country, the Trustee is hereby empowered to name an individual or corporate trustee qualified to act in any such state or foreign country in connection with the property situated therein as ancillary trustee of such property and require such security as may be designated by the Trustee. Any ancillary trustee so appointed shall have such rights, powers, discretions, responsibilities, and duties as are delegated to it by the Trustee, but shall exercise and discharge the same subject to such limitations or directions of the Trustee as shall be specified in the instrument evidencing the appointment. Any such ancillary trustee shall be answerable to the Trustee for all monies, assets, or other property entrusted to it or received by it in connection with the administration of the Trust. The Trustee may remove any such ancillary trustee and may appoint a successor at any time or from time to time as to any or all of the assets. Any instrument designating an ancillary trustee may contain such provisions with respect to payment of income and principal to the Trust, payment of expenses with respect to ancillary trust property, termination of the ancillary trust, and administrative powers of the ancillary trustee as the Trustee hereunder, in the exercise of its discretion, may deem appropriate and consistent with the provisions of this Trust.

Sec. 3.04     Expenses. The Trustee shall be entitled to reimbursement for all reasonable and necessary costs, expenses, and disbursements incurred by it in the performance of its services as Trustee or in any other capacity in connection with the Retirement Plan as may be agreed upon with the ELCA Board of Pensions. Such reimbursements shall be paid from this Trust if not paid directly by the ELCA Board of Pensions or the Participating Employers in such proportions as the ELCA Board of Pensions shall determine, and shall constitute a lien upon this Trust until paid.

Sec. 3.05     Records and Accountings. The Trustee shall keep accurate and detailed records and accounts of all investments, receipts, and disbursements, and other transactions hereunder, and all records, books, and accounts relating thereto shall be open to inspection by any person designated by the ELCA Board of Pensions at all reasonable times.

As soon as reasonably practicable following the close of each annual accounting period of the Trust, and as soon as reasonably practicable after the resignation or removal of the Trustee has become effective, the Trustee shall determine the fair market value of the Trust, such determination to be made at least annually. At the same time, the Trustee shall file with the ELCA Board of Pensions a written accounting setting forth all investments, receipts, disbursements, and other transactions effected by it during such year for each investment fund, or during the part of the year to the date the resignation or removal is effective, as the case may be, and containing a description of all securities purchased and sold, the cost or net proceeds of sale, the securities and investments held at market value at the end of such period in each investment fund, and the cost of each item thereof as carried on the books of the Trustee. The accounting shall also furnish the ELCA Board of Pensions such other information as the Trustee may possess and as may be necessary for the ELCA Board of Pensions to comply with the reporting requirements of applicable law. If the fair market value of an asset in this Trust is not available, when necessary for accounting or

reporting purposes the fair value of such asset shall be determined in good faith by the Trustee, assuming an orderly liquidation at the time of such determination.  If there is a disagreement between the Trustee and anyone as to any act or transaction reported in an accounting, the Trustee shall have the right to have the Trust's account settled by a court of competent jurisdiction.

Sec. 3.06    <u>Record Retention</u>.  The Trustee shall retain the records relating to this Trust including records relating to each investment fund, as long as necessary for the proper administration thereof and at least for any period required by any applicable law.

## ARTICLE IV: INVESTMENTS

Sec. 4.01      <u>General</u>.

    (a)    The Trustee is vested with title to all assets of this Trust and shall have full power and authority to do all acts necessary to carry out the duties hereunder. Members and beneficiaries shall not have any right or interest in this Trust except as provided in the Retirement Plan. Prior to the time of distribution, no member or beneficiary (or legal representative of a member or beneficiary) shall have any right to assign, encumber, or in any manner dispose of any interest in this Trust except as permitted under the Retirement Plan or as required by law or directed by a court of competent jurisdiction.

    (b)    The ELCA Board of Pensions shall direct the Trustee as to the investment of the assets of this Trust. Except for those Trust assets that are under the investment control of an investment manager, the Trustee shall exercise exclusive investment direction and control of Trust assets subject to the direction of the ELCA Board of Pensions. Accordingly, the ELCA Board of Pensions shall have the full power and authority to direct the Trustee as to the investment, acquisition, management, or disposition of assets of this Trust, and the Trustee shall not have any duty to question any direction, to review any acquisition or disposition of securities or other property, or to make any suggestions in connection therewith. Consistent with applicable law, the Trustee shall promptly comply with any direction given by the ELCA Board of Pensions. The Trustee will not be liable in any manner or for any reason for any loss or other unfavorable investment results arising from compliance with such direction, and will not be liable for failing to invest any of the assets of this Trust under the management and control of the ELCA Board of Pensions in the absence of investment directions regarding such assets.

    (c)    The ELCA Board of Pensions may delegate responsibility for the investment of Trust assets in accordance with the Investment Committee Charter, consistent with the Constitution, Bylaws and Continuing Resolutions of the ELCA and the Articles of Incorporation and Bylaws of the Board of Pensions of the ELCA.

    (d)    Except as otherwise expressly provided herein, the Trustee shall have exclusive authority and discretion to invest and reinvest the principal and income of this Trust in real or personal property of any kind and shall do so with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims. The Trustee shall diversify the investments of this Trust so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so. The Trustee shall not be limited by the laws of any state proscribing or limiting the investment of trust funds by corporate or individual trustees in or to certain kinds, types, or classes of investments or limiting the value or proportion of Trust assets that may be invested in any one property or kind, type, or class of investment. Investments and

reinvestments shall be subject to the above standard, and without limiting the generality of the foregoing, shall also be subject to the following:

(i)     The Trustee may invest and reinvest principal and income of this Trust in common, preferred, and other stocks of any corporation; private equity; voting trust certificates; interests in investment trusts; bonds, notes, and debentures, secured or unsecured; mortgages on real or personal property; conditional sales contracts; real estate leases and real estate partnerships; and other asset classes approved by the ELCA Board of Pensions in accordance with this Article IV.

(ii)    The Trustee may invest and reinvest the principal and income of this Trust by investing in an annuity contract or contracts (including any agreement or agreements supplemental thereto) issued by an insurance company.

(iii)   The Trustee may utilize financial futures, forwards and options to assist in controlling risk and enhancing portfolio values in a manner that is prudent and intended to further the purposes of the Trust. Specifically, financial futures and options may be used to help maintain market exposure, targeted duration exposure and targeted currency exposure. The Trustee may not sell uncovered call options or sell put options nor invest so as to leverage the size of the Trust.

Sec. 4.02    <u>Investment Managers</u>.

(a)    The ELCA Board of Pensions has the power and authority to appoint one or more investment managers. Each investment manager so appointed will have the power and authority to invest, acquire, manage or dispose of the assets of this Trust under its management in accordance with the provisions of the Retirement Plan and Trust and to direct the Trustee with respect to the investment, reinvestment and sale of such assets.

(b)    If the ELCA Board of Pensions elects to delegate investment authority for all or any portion of the assets of this Trust to an investment manager pursuant to Sec. 4.02(a), the ELCA Board of Pensions will inform the Trustee in writing of such designation and such written notice shall describe the portion of this Trust affected. Upon receipt of such notice, the Trustee will be obligated to follow the investment directions of the investment manager with respect to the assets of the specified portion of this Trust until the Trustee receives written notice that such investment manager has resigned or has been removed or replaced by the ELCA Board of Pensions.

(c)    The Trustee shall have no duty to supervise any investment manager to whom investment authority has been delegated, and the Trustee shall not be subject to or otherwise manage any assets of the Retirement Plan which is subject to management of such investment manager. The Trustee will not be liable for any

acts or omissions of such investment manager or for acting or failing to act at the direction or absence of direction from the investment manager, unless the Trustee knows that acting or failing to act constitutes participation in a breach of fiduciary duty by such investment manager. The fees and expenses of an investment manager shall be paid by the Trust, except to the extent paid by any Participating Employer or by the ELCA Board of Pensions.

**ARTICLE V:   APPOINTMENT AND CHANGE IN TRUSTEE**

Sec. 5.01    Appointment of Trustees. The ELCA Church Council or the ELCA Board of Pensions may initiate an amendment appointing the Trustee of this Trust which shall be submitted to the ELCA Church Council for final action in accordance with Sec. 7.01. If necessary, the ELCA Church Council Executive Committee may agree to such amendment subject to ratification by the ELCA Church Council.

Sec. 5.02    Resignation. The Trustee may resign at any time by delivering to the ELCA Church Council and the ELCA Board of Pensions (or if the ELCA Board of Pensions is resigning as Trustee, to the ELCA Church Council) a written notice of resignation, to take effect not less than sixty (60) days after delivery, unless such time period is waived by the ELCA Board of Pensions (or by the ELCA Church Council if the ELCA Board of Pensions is resigning as Trustee).

Sec. 5.03    Removal. A Trustee may be removed by amendment of this Trust appointing a new Trustee as set forth above. If there is an immediate need for removal, the ELCA Church Council or the ELCA Board of Pensions may remove the Trustee at any time by delivering to the Trustee a written notice of removal and initiating an amendment appointing a new Trustee of this Trust in accordance with Sec. 5.01 above. Before removing a Trustee, the ELCA Board of Pensions shall consult with the ELCA Church Council or ELCA Church Council Executive Committee. Similarly, if there is removal by the ELCA Church Council or the ELCA Church Council Executive Committee, it shall first consult with the ELCA Board of Pensions. Such removal will take effect no less than thirty (30) days after delivery of such notice to the Trustee, unless such time period is waived by the Trustee.

Sec. 5.04    Successor. Upon the resignation or removal of the Trustee, one or more successor Trustees may be appointed in accordance with Sec. 5.01 above, and subject to each successor Trustee's acceptance of such appointment and execution of this Trust.

Sec. 5.05    Failure to Appoint Successor Trustee. If no appointment of a successor is made by the ELCA Board of Pensions or the ELCA Church Council in accordance with Sec. 5.01 above within a reasonable time after resignation or removal of the Trustee, any court of competent jurisdiction may appoint a successor Trustee, after notice, to the ELCA Board of Pensions and the ELCA Church Council and to the retiring Trustee, as such court may deem proper and suitable. The retiring Trustee shall be furnished with written notice from the ELCA Board of Pensions or the court, as the case may be, of the appointment of the successor, and shall also be furnished with written evidence of the successor's acceptance of the trusteeship. Only then shall the retiring Trustee cease to be Trustee.

Sec. 5.06    Duties on Succession. No predecessor Trustee shall have any right, title, or interest in this Trust except as hereinafter provided in the case of the replacement of the Trustee. Upon the appointment and acceptance of a successor Trustee, the predecessor Trustee shall transfer and deliver the assets of this Trust to the successor, after reserving such reasonable amount as such Trustee shall deem necessary to provide for fees and expenses and any sums

chargeable against this Trust for which such Trustee may be liable.   Any predecessor Trustee shall do all acts necessary to vest title of record in the successor Trustee.

Every successor Trustee accepting a trusteeship under this Trust shall have all the rights, titles, powers, duties, exemptions, and limitations of the predecessor Trustee hereunder, subject to the right of amendment of the Trust.  No person or entity becoming a Trustee hereunder shall be in any way liable or responsible for anything done or omitted to be done by any Trustee prior to acceptance of the trusteeship, nor shall such person or entity have any duty to examine the administration of this Trust prior to such acceptance.

## ARTICLE VI: MISCELLANEOUS

Sec. 6.01      <u>Incompetent Payee</u>. If, in the opinion of the ELCA Board of Pensions, a person to whom the Trustee is directed to make one or more payments is disabled from caring for her/his affairs because of mental or physical condition, payment due such person may be made to such person's guardian, conservator, or other legal personal representative upon furnishing the ELCA Board of Pensions with evidence satisfactory to the ELCA Board of Pensions of such status. Prior to the furnishing of such evidence, the ELCA Board of Pensions may cause payments for the person under disability to be made, for such person's use and benefit, to any person or institution then in the opinion of the ELCA Board of Pensions caring for or maintaining the person who is under the disability. The Trustee shall have no liability with respect to payments made to an individual designated by the ELCA Board of Pensions. The Trustee shall have no duty to make inquiry as to the competence of any person to whom it is directed to make payment.

Sec. 6.02      <u>Evidence</u>. Evidence required of anyone under this Trust may be by certificate, affidavit, document, or other instrument which the person acting in reliance thereon considers to be pertinent and reliable, and to be signed, made, or presented by the proper party.

Sec. 6.03      <u>Dealings of Others With Trustee</u>. No person (corporate or individual) dealing with the Trustee shall be required to see to the application of any money paid or property delivered to the Trustee or to determine whether the Trustee is acting pursuant to any authority granted to it under this Trust.

Sec. 6.04      <u>Fiduciary Standards</u>. Each fiduciary shall discharge her/his duties with respect to the Trust, solely in the interests of the Members and in accordance with the following requirements:

    (a)      For the exclusive purpose of providing benefits to members in the Retirement Plan and their beneficiaries and defraying reasonable expenses of administering the Trust,

    (b)      With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims,

    (c)      By diversifying the investments of this Trust so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so, and

    (d)      In accordance with the provisions of this Trust and the Retirement Plan.

Nothing herein shall be construed or applied to restrict or prohibit the fiduciaries from administering any investment fund, in accordance with the investment objectives and policies from time to time established for such investment fund, and the fiduciaries shall not be liable to any member or other person solely by reason of their adherence to such investment objectives and policies.

Sec. 6.05    <u>Administrative Fee Paid to the ELCA Board of Pensions</u>.  The ELCA Board of Pensions shall be paid a reasonable fee by this Trust for the administrative services provided by the ELCA Board of Pensions to the Retirement Plan and this Trust, including a fee for informing the employees and employers of the availability of the Retirement Plan.  The fee charged to this Trust shall constitute a lien upon this Trust until paid.

Sec. 6.06    <u>Audits</u>.  The ELCA Board of Pensions shall have the right to cause the books, records, and accounts of the Trustee that relate to the Retirement Plan to be examined and audited by independent auditors designated by the ELCA Board of Pensions at such times as the ELCA Board of Pensions may determine, and the Trustee shall make such books, records, and accounts available for such purposes at all reasonable times.  The expense of such audit shall be paid from the Trust, if not paid by the Participating Employers, in such proportion as the ELCA Board of Pensions shall determine, and shall constitute a lien upon this Trust until paid.

Sec. 6.07    <u>Successors</u>.  The provisions of this Trust shall be binding on each Participating Employer and its successors.  If a successor to an Participating Employer or a purchaser of all or substantially all of an Participating Employer's assets is eligible to, and elects to, continue participation in the Retirement Plan, such successor or purchaser shall be substituted for the Participating Employer under this Trust.

Sec. 6.08    <u>Waiver of Notice</u>.  Any notice required under this Trust may be waived by the person entitled thereto.

Sec. 6.09    <u>Headings</u>.  Headings at the beginning of articles and sections are for convenience of reference, shall not be considered a part of this Trust, and shall not influence its construction.

Sec. 6.10    <u>Use of Compounds of Word "Here"</u>.  Use of the words "hereof", "herein", "hereunder", or similar compounds of the word "here" shall mean and refer to the entire Trust unless the context clearly indicates otherwise.

Sec. 6.11    <u>Construed as a Whole</u>.  The provisions of this Trust shall be construed as a whole in such manner as to carry out the provisions thereof and shall not be construed separately without relation to the context.

Sec. 6.12    <u>Severability</u>.  In the event any provision of this Trust shall be held illegal or invalid for any reason, said illegality or invalidity shall not affect the remaining provisions of this Trust, but shall be fully severable, and this Trust shall be construed and enforced as if said illegal or invalid provisions had never been inserted therein.

Sec. 6.13    <u>Counterparts</u>.  This Trust may be executed in any number of counterparts, each of which shall be deemed an original.  Such counterparts shall constitute but one and the same instrument, which may be sufficiently evidenced by any one counterpart.

Sec. 6.14    <u>Indemnification of Trustee</u>. The Participating Employers jointly and severally agree, to the fullest extent permitted by law, to indemnify the Trustee for and to hold it harmless against any and all liabilities, losses, costs, or expenses (including legal fees and expenses) of whatsoever kind and nature which may be imposed on, incurred by, or asserted against the Trustee at any time by reason of the Trustee's service under this Trust if the Trustee did not have reasonable grounds to believe the conduct was unlawful or act in willful violation of the law or regulations under which such liability, loss, cost, or expense arises.

Sec. 6.15    <u>Internal Revenue Code of 1986</u>. All references in this Trust to sections of the Internal Revenue Code of 1986 include any provisions thereof adopted by future amendments thereto and any cognate provisions in future internal revenue codes to the extent such provisions are applicable to this Trust.

Sec. 6.16    <u>Applicable Law</u>. This Trust shall be deemed a Minnesota trust and shall be controlled and construed in accordance with the laws of the State of Minnesota.

Sec. 6.17    <u>Deemed Compliance With Terms of Trust</u>. If, at any time, the ELCA Board of Pensions serves as the Trustee hereunder, then any requirement in this Trust that either the ELCA Board of Pensions or the Trustee must provide the other party with a notification, certification, report, accounting, written direction, waiver or other similar document or communication shall be deemed to be satisfied without the actual provision of the same.

Sec. 6.18    <u>Parties to the Trust</u>. Any Participating Employer that contributes to the Retirement Plan in accordance with the terms thereof shall become a party to this Trust and shall be bound by all terms and conditions of the Retirement Plan and this Trust, as then in effect and as may thereafter be amended. The Trustee shall invest and administer this Trust as a single fund for investment and accounting purposes, provided that, at all times, the interests of members and beneficiaries shall be accounted for separately.

Any corporation or other participating entity, other than the ELCA Board of Pensions, shall cease to be a party to this Trust upon delivering to the Trustee or to the ELCA Board of Pensions a certified copy of a resolution terminating its participation in the Retirement Plan. In such event, or in the event of the merger, consolidation, sale of property or stock, separation, reorganization or liquidation of any corporation that is a party to this Trust, the Trustee, until directed otherwise by the ELCA Board of Pensions, shall continue to hold, in accordance with the provisions of this Trust, that portion of this Trust which, pursuant to the determination of the ELCA Board of Pensions, is attributable to the participation in the Retirement Plan of the employees and their beneficiaries affected by such termination or by such transaction.

Sec. 6.19    <u>Necessary Parties to Legal Actions</u>. Only the ELCA Board of Pensions and the Trustee will be considered necessary parties in any legal action or proceeding with respect to the Trust, and no member, beneficiary or other person having an interest in this Trust will be entitled to notice. Any judgment entered on any such action or proceeding will be binding on all persons making a claim against the Trustee. Nothing in this Sec. 6.19 is intended to preclude a member or beneficiary from enforcing his or her legal rights.

**ARTICLE VII:**     **AMENDMENTS AND TERMINATION**

Sec. 7.01      <u>Amendments</u>. This Trust may be amended at any time and from time to time as follows; provided, however, that no such amendment shall cause any part of the corpus or income of this Trust to be diverted to purposes other than the payment of benefits to members under the Retirement Plan and their beneficiaries, or reasonable expenses of administration of the Retirement Plan:

    (a)      The ELCA Churchwide Assembly may initiate amendments which shall be submitted to the ELCA Board of Pensions for recommendation before final action by the ELCA Church Council, or

    (b)      The ELCA Church Council may initiate amendments which shall be submitted to the ELCA Board of Pensions for recommendation before final action by the ELCA Church Council.

    (c)      The ELCA Board of Pensions may initiate amendments which shall be submitted to the ELCA Church Council for final action.

When the ELCA Church Council, in its sole discretion, deems it appropriate, proposed amendments shall be submitted to the ELCA Churchwide Assembly for final action.

This Trust shall be amended in accordance with the final action taken by the ELCA Church Council or the ELCA Churchwide Assembly by written agreement executed by at least two corporate officers of the ELCA Board of Pensions who are authorized by the Board of Trustees of the ELCA Board of Pensions to take such action and the Trustee.

Sec. 7.02      <u>Termination</u>. This Trust may be terminated at any time in accordance with the amendment procedure set forth in Sec. 7.01. Upon termination of the Trust, any surplus property remaining after the payment of all benefits of this Trust attributable to the Retirement Plan, and all of the debts of the Retirement Plan and Trust, shall be disposed of by transfer to the ELCA, to be held and used for exclusively religious and charitable purposes; provided that the ELCA is at that time an organization described in Section 501(c)(3) of the Internal Revenue Code of 1986 and, if not, the surplus property shall be distributed to such other entity that is at that time an organization described in said Section 501(c)(3) as the Trustee shall determine. Notwithstanding any provision herein to the contrary, nothing herein shall be construed to affect the disposition of property and assets held by this Trust upon specific trust or other condition, or subject to an executory or special limitation, and such other property, upon dissolution of the Trust, shall be transferred in accordance with the specific trust, condition, or limitation imposed with respect to it.

**(Signature page follows on page 20)**

IN WITNESS WHEREOF, the ELCA Board of Pensions has caused this Restated Trust to be executed as of the day and year written below.

BOARD OF PENSIONS OF THE EVANGELICAL
LUTHERAN CHURCH IN AMERICA

Dated: _____12|16_____, 2009        By _____
                                       John G. Kapanke, President and Chief Executive Officer

Dated: _____12 · 16_____, 2009       By _____
                                       Robert H. Rydland, Vice President and General Counsel


IN WITNESS WHEREOF, the ELCA Board of Pensions accepts its appointment as corporate trustee of this ELCA Participating Annuity Trust.

BOARD OF PENSIONS OF THE EVANGELICAL
LUTHERAN CHURCH IN AMERICA

Dated: _____12|16_____, 2009        By _____
                                       John G. Kapanke, President and Chief Executive Officer

Dated: _____12 · 16_____, 2009       By _____
                                       Robert H. Rydland, Vice President and General Counsel


(Notary page follows on page 21)


**ELCA Participating Annuity Trust**                    20                    **January 1, 2010**

STATE OF MINNESOTA )
                      ) ss.
COUNTY OF HENNEPIN )

     On this 16ᵗʰ day of December 2009, before me personally appeared JOHN G. KAPANKE, to me personally known, who, being by me duly sworn, did say that he is PRESIDENT AND CHIEF EXECUTIVE OFFICER of the BOARD OF PENSIONS OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, the Minnesota nonprofit corporation named in the foregoing instrument, and that said instrument was signed in behalf of said corporation by authority of its Board of Trustees, and he acknowledged said instrument to be the free act and deed of said corporation.



Notary Public Hennepin County, MN

My commission expires Jan. 31, 20 14


STATE OF MINNESOTA )
                      ) ss.
COUNTY OF HENNEPIN )

     On this 16ᵗʰ day of December 2009, before me personally appeared ROBERT H. RYDLAND, to me personally known, who, being by me duly sworn, did say that he is VICE PRESIDENT AND GENERAL COUNSEL of the BOARD OF PENSIONS OF THE EVANGELICAL LUTHERAN CHURCH IN AMERICA, the Minnesota nonprofit corporation named in the foregoing instrument, and that said instrument was signed in behalf of said corporation by authority of its Board of Trustees, and he acknowledged said instrument to be the free act and deed of said corporation.



Notary Public Hennepin County, MN

My commission expires Jan. 31, 20 14

ELCA Participating Annuity Trust               21               January 1, 2010